**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Arista Records, LLC, et al.,

       Plaintiffs,

                              Case No. 2:07-cv-961

    v.

                              Judge Graham

Does 1-9,

                              Magistrate Abel

       Defendants.


<u>ORDER</u>

    This copyright action is brought by several record companies against Doe Defendants who are alleged to have infringed Plaintiffs' copyrights by downloading and sharing music files online.  Plaintiffs do not know the Defendants' names but only their Internet Protocol (IP) addresses.  The Ohio State University is the Internet Service Provider for each of the allegedly infringing IP addresses.  After the court granted Plaintiffs' motion to take expedited discovery of Ohio State University, Plaintiffs issued a subpoena upon Ohio State University directing it to identify the names, mailing addresses, telephone numbers, email addresses, and Media Access Control addresses associated with the allegedly infringing IP addresses.

    <u>The Magistrate Judge's April 18, 2008 Order</u>.  Defendants filed a motion to vacate the order granting expedited discovery and a motion to quash the subpoena.  On April 18, 2008, the magistrate judge issued a discovery order denying both motions.  The magistrate judge found that the subpoena sought discoverable information and that Plaintiffs had demonstrated good cause for

expedited discovery.

The April 18, 2008 order also contained a report and recommendation regarding Defendants' motion to dismiss for failure to state a claim and for improper joinder.  The magistrate judge found that the complaint sufficiently stated a claim for copyright infringement, but that the Defendants were improperly joined.  The magistrate judge recommended that Doe Defendants 2-9 be severed from the action.

This matter is now before the court on two separate objections to the magistrate judge's April 18, 2008 order.  Doe Defendants 5 and 9 object to the discovery order denying their motion to quash the subpoena.  Plaintiffs object to the report and recommendation that the claims against the Doe Defendants 2-9 be severed for improper joinder.

Defendants' Discovery Objection.  The court will first address the discovery objection.  Under 28 U.S.C. §636(b)(1)(A), the court will set aside any part of magistrate judge's order that is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a); Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).  In their objection, Defendants argue that the subpoena should be quashed because it violates their rights under the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. §1232g.

FERPA protects a student's educational records from improper disclosure.  Doe v. Woodford County Bd. of Educ., 213 F.3d 921, 926 (6th Cir. 2000) (citing 20 U.S.C. §1232g(b)(1)).  There are several exceptions, including one for "directory information," which may be disclosed pursuant to a court order or lawfully-issued subpoena.

2

See 20 U.S.C. §1232g(b)(2). Directory information is defined as "the student's name, address, telephone listing . . . ." 20 U.S.C. §1232g(a)(5)(A). As the magistrate judge noted, Ohio State University considers a student's email address also to be directory information. See also 34 C.F.R. §99.3 (stating that directory information includes a student's email address); Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1, 5 (D. D.C. 2008) (same). Though Defendants do not focus on the Media Access Control addresses in their objection, courts have found that these addresses identify hardware connected to the computer network and cannot be considered part of a student's "education records" as defined by FERPA. Arista Records, 551 F.Supp.2d at 6 n.4 (citing cases).

In their objection, Defendants concede that the information sought by Plaintiffs fits the definition of directory information. Nonetheless, Defendants assert without any explanation that linking such directory information to a IP address would lead to disclosure of "all of Defendants' roamings on the internet, including emails, blogs, political affiliations, and all association facilitated by the internet." See Defs.' Obj., pp. 2-3. This conclusory assertion is not a sufficient showing under 28 U.S.C. §636(b)(1)(A) that the magistrate judge's order is clearly erroneous or contrary to law. The subpoena was narrowly tailored to avoid such an abusive disclosure of non-directory information.

Plaintiffs' Joinder Objection. Under 28 U.S.C. §636(b)(1)(B), the Court will make a de novo review of those portions of the magistrate judge's report and recommendation to which the parties specifically object. Plaintiffs argue that the magistrate judge wrongly concluded that the claims should be severed.

3

Joinder of defendants is appropriate if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). The magistrate judge found that joinder was not appropriate because the alleged acts of infringement are not alleged to have arisen out of the same transaction, occurrence, or series of transactions or occurrences. At best, the acts of infringement are alleged to have been the same type of violation – downloading and sharing music online.

In their objection, Plaintiffs argue that Defendants engaged in "a common scheme" to infringe and acted in concert. See Pls.' Obj, p. 7. The complaint contains no such allegations. As the magistrate judge found, at most Defendants are alleged to have infringed in a similar way. See LaFace Records, LLC v. Does 1-38, No. 5:07-cv-298-BR, 2008 WL 544992, at *3 (E.D. N.C. Feb. 27, 2008) (joinder is improper in music copyright case "where there is no assertion that multiple defendants have acted in concert"); BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (severing multiple defendants in action where only connection was allegation they used same Internet Service Provider to conduct copyright infringement); Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (severing multiple defendants in action where only connection was allegation they used same peer-to-peer network to conduct copyright infringement).

Lastly, Plaintiffs argue that severing the Defendants is

4

premature.  Plaintiffs raise the possibility that the same person could have been responsible for more than one of the alleged infringements occurring at the nine separate IP addresses listed in the complaint.  The Court finds that this issue will be easily clarified once Ohio State University responds to the subpoena.  If the subpoena response identifies nine separate individuals for the nine IP addresses, Plaintiffs will then be ordered to sever Doe Defendants 2-9.

_Conclusion_.  For the reasons stated above, the Court OVERRULES Defendants' objection (doc. 29) to the magistrate judge's April 18, 2008 order.  The November 21, 2007 motion of Doe Defendant 9 to vacate and quash (doc. 8) is DENIED; the November 28, 2007 motion of Doe Defendant 1 to quash (doc. 10) is DENIED; and the November 28, 2007 motion of Doe Defendant 5 to vacate and quash (doc. 11) is DENIED.

The Court OVERRULES Plaintiffs' objection (doc. 31) to the magistrate judge's April 18, 2008 report and recommendation, but STAYS enforcement of the severance order until Ohio State University has responded to the subpoena.  Plaintiffs' February 11, 2008 motion for leave to file a surrpely (doc. 25) is GRANTED.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge


DATE: July 29, 2008


5